NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 2 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIAN WALKER,

          Petitioner - Appellant,

  v.

JASON GUNTHER,

          Respondent - Appellee.

No. 25-1215

D.C. No.
2:24-cv-03386-SRB-ESW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted December 17, 2025[**]

Before:    PAEZ, CHRISTEN, and KOH, Circuit Judges.

Federal prisoner Julian Walker appeals pro se from the district court's

judgment dismissing his petition for writ of habeas corpus under 28 U.S.C. § 2241.

We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Lane v.*

*Swain*, 910 F.3d 1293, 1295 (9th Cir. 2018), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Walker contends the Bureau of Prisons ("BOP")'s policy and practice with regard to earned time credits ("ETCs") violates the First Step Act of 2018 ("FSA"). According to Walker, the FSA requires the BOP to apply ETCs to all inmates who demonstrate reduced recidivism risk, including those like him who have been assessed a medium recidivism risk score. He further contends the BOP is improperly "banking" his ETCs rather than applying them to the calculation of his sentence. The FSA, however, unambiguously limits application of ETCs to those prisoners determined to be a minimum or low risk to recidivate. *See* 18 U.S.C. § 3632(d)(4)(C) (providing that the BOP apply ETCs to "eligible prisoners"); *id.* § 3624(g)(1) (defining eligible prisoners). Because Walker does not meet this statutory requirement, we do not address his challenges to the BOP's implementing policies or his reliance on *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024).

We do not consider Walker's remaining argument, which was raised for the first time on appeal. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (habeas claims that are not properly raised before the district court are not cognizable on appeal).

**AFFIRMED.**

25-1215